UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAVIER DE JESUS ALARCON      :
GARCIA,
                            :

Petitioner      CIVIL ACTION NO. 3:26-1456

                            :

v.      (JUDGE MANNION)

                            :

WARDEN, FCI Lewisburg,
                            :

Respondent

## MEMORANDUM

Pending before the court is petitioner Javier De Jesus Alarcon Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Alarcon Garcia's petition will be **GRANTED** insofar as it requests a bond hearing.

## I.    BACKGROUND

Petitioner Javier De Jesus Alarcon Garcia is a citizen of Guatemala. (Doc. 8-2 at 1). On an unknown date and at an unknown location, Alarcon Garcia entered the United States without being admitted, inspected, or paroled. *Id.* at 2. However, he claims to have entered the United States when he was 15 years old, meaning he would have entered the country in or around 2007. (Doc. 1). He has lived in Philadelphia, Pennsylvania with his wife and two children, and worked in construction. (Doc. 1-7).

On May 29, 2025, Alarcon Garcia was arrested by the Falls Township Police Department and charged with strangulation, harassment, and simple assault following an alleged domestic dispute. (Doc. 8-2 at 2); (Doc. 1-3 at 9). The charges were later dismissed. (Doc. 1-3). However, the day after his arrest, the Philadelphia Immigration and Customs Enforcement ("ICE") Office of Enforcement and Removal Operations ("ERO") was notified, and an immigration detainer was lodged. (Doc. 8-2 at 2). He has been detained since his arrest and is currently located at FCI Lewisburg in Lewisburg, Pennsylvania. He is charged as an alien present in the United States without being admitted or paroled and without proper documentation, in violation of §§212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Doc. 8-3).

On May 13, 2026, Alarcon Garcia appeared before an immigration judge for a bond hearing. The court denied bond, finding that "it ha[d] no jurisdiction to consider bond." (Doc. 8-6). The court further noted that, "In the alternative, should any reviewing court disagree with this court's jurisdictional finding – the court has heard arguments from both sides as if this case was heard under [8 U.S.C.] [§]1226(a). The court finds the respondent is a danger and also a flight risk." *Id.*

- 2 -

On May 28, 2026, Alarcon Garcia filed the present petition for a writ of habeas corpus. (Doc. 1). On June 8, 2026, Respondent filed their response to the petition. (Doc. 8). No reply to the response was filed. Thus, the petition is now ripe for disposition.

## II.   LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III.   DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

- 4 -

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Alarcon Garcia is detained under 8 U.S.C. §1225(b)(2)(A), which precludes immigration judges

from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

### c. 8 U.S.C. §1226(a) applies to Alarcon Garcia

Respondent argues that Alarcon Garcia is subject to mandatory detention pursuant to 8 U.S.C. §1225(b)(2)(A), which does not allow for courts to hold a bond hearing. Alarcon Garcia, on the other hand, argues that his detention has become prolonged in violation the INA and his procedural due process rights, and that he should be released or granted a bond hearing.

Courts nationwide, including this court, have been dealing with the very issue presented in this case. Namely, whether a noncitizen habeas petitioner who has been residing in the United States for some time is subject to the mandatory detention provision of §1225(b)(2)(A). In *Barbosa da Cunha v. Freden*, the United States Court of Appeals for the Second Circuit considered the issue and ruled that it is "clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while

- 6 -

entering the country or shortly thereafter." 175 F.4th 61, 69 (2d Cir. 2026). In reaching this conclusion, the court noted that its "holding is consistent with the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position. In other words, over ninety percent of district judges have sided with Petitioner." *Id.* at 71. Since *Barbosa da Cunha*, the Sixth and Eleventh Circuits have joined the Second Circuit in ruling that §1226(a) applies. *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Additionally, the Seventh Circuit has held that a petitioner is likely to succeed on the merits of a claim for wrongful detention under 8 U.S.C. §1225(b)(2)(A), however, the court did not issue a precedential ruling on the issue. *See Castañon-Nova v. United States Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) ("*Castañon-Nova I*"); *see also Castañon-Nova v. United States Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. May 5, 2026) ("*Castañon-Nova II*"). Still, the *Castañon-Nova* Court's contemplation of the issue further supports the consensus interpretation. The undersigned has also consistently joined in this consensus interpretation and will continue to do so. Indeed, the Government notes that it "acknowledges that no court in this district has agreed with its position." (Doc. 8 at 4).

For §1225(b)(2)(A) to apply: "(1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt v. Soto*, 807 F.Supp.3d 397, 406 (D.N.J. Oct. 22, 2025) (citing 8 U.S.C. §1225(b)(2)(A)).

The consensus view of the courts is that "seeking admission" requires "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry." *Gonzalez Centeno v. Lowe*, 2026 WL 94642, at *3 (M.D.Pa. Jan. 13, 2026) (quoting *Quispe v. Rose*, 2025 WL 3537279, at *5 (M.D.Pa. Dec. 10, 2025)); *see also Barbosa da Cunha*, 175 F. 4th at 77 ("When the statute says, 'alien seeking admission,' it therefore refers to a noncitizen who is seeking admission *right now*, not one who sought admission in the past but no longer is") (emphasis in original). An individual affirmatively "seeking admission" should not be confused as being the same as an "applicant for admission." *See Patel*, 2025 WL 3516865 at *5 (finding that such an interpretation of "seeking admission" violates the rule against surplusage). Therefore, because "seeking admission" applies to individuals in an affirmative act, §1225(b)(2)(A) does not apply to "noncitizens . . . who have resided in the United States for years." *Id.* Furthermore, while the "entry fiction" doctrine "allows the government to treat

- 8 -

physical entrants as if still 'on the threshold' if they are 'detained shortly after lawful entry' . . . no one could seriously contend that it applies to a noncitizen like [the petitioner] who has been living in the United States for [an extended period of time]. Under settled Supreme Court precedent, 'aliens who have once passed through our gates, *even illegally*, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.'" *Barbosa da Cunha*, 175 F.4th at 86 (emphasis in original).

As for §1226(a), it allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien;" and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond

- 9 -

hearing, but not entitled to a second bond hearing after their first has been denied).

Here, Alarcon Garcia has been living in the United States for some unknown duration, likely since in or around 2007. (Doc. 1). He was not taken into immigration custody until 2025. (Doc. 8-2). Therefore, he is not "seeking admission" as defined by §1225(b)(2)(A). Accordingly, 8 U.S.C. §1226(a) applies. Moreover, his previous bond hearing was denied for lack of jurisdiction. (Doc. 8-6). While the court noted in the alternative that it believed Alarcon Garcia to be a flight risk and danger to the community, the fact remains that bond was not denied on the merits. Therefore, Alarcon Garcia remains entitled to a bond hearing under §1226(a), where he can argue for his release and a determination can be made on the merits.

### d. Alarcon Garcia's detention under 8 U.S.C. §1225(b)(2)(A) does not violate due process

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. Const. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To determine whether a habeas petitioner's detention under §1225(b)(2)(A) violates due process, courts weigh three factors: (1) "the

private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Application of the factors reveals no violation of due process. First, the "most elemental of liberty interest[s]—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Second, Alarcon Garcia's erroneous detention under §1225(b)(2)(A) comes with a lack of procedural safeguards, including the opportunity for a bond hearing, which makes it extraordinarily difficult to challenge his detention. *Cunin v. McShane*, 2025 WL 3542999, at *2 (M.D.Pa. Dec. 10, 2025) ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely"). However, third, the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community." *Quispe*, 2025 WL 3537279 at *7 (citing *Zadvydas*, 533 U.S. at 690). The Government may have an interest in detention "to prevent

- 11 -

danger to the community," as Alarcon Garcia previously faced charges for simple assault, harassment, and strangulation, stemming from an alleged domestic dispute, which were dismissed. (Doc. 1-3). While the court lacks insight into the exact nature of the circumstances leading to the charges, and the reasons for their dismissal, it finds that any dispute as to the legitimacy of the allegations and their implications for public safety would be better adjudicated at a bond hearing before an Immigration Judge—who will have greater access to information—where Alarcon Garcia will have the opportunity to explain the circumstances and to argue for why he should be released.

Thus, upon weighing of the *Mathews* factors, the court finds that Alarcon Garcia's continued detention under §1225(b)(2)(A) does not violate his procedural due process rights as the Government may have an interest in his continued detention to prevent danger to the community. Therefore, while Alarcon Garcia is entitled to a bond hearing under §1226(a), where he can argue for his release, he is not entitled to release by this court at this time.

## IV.   CONCLUSION

For the foregoing reasons, Alarcon Garcia's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it

- 12 -

requests a bond hearing. The Government will be required to provide Alarcon Garcia with a bond hearing under 8 U.S.C. §1226 within fourteen days of the court's accompanying order. Accordingly, Alarcon Garcia's motion for expedited consideration, (**Doc. 2**), will be **DENIED AS MOOT**.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 7/14/26

26-1456-01

- 13 -